# FRANCES B. COLLINSON, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DELBERT EUGENE COLLINSON, DECEASED *v.* DEPARTMENT OF REVENUE

Brian A. Steenson, Brown, Hanson & Steenson, P.C., Portland, represented plaintiff.

Walter J. Apley, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered February 12, 1976.

CARLISLE B. ROBERTS, Judge.

Plaintiff appealed from defendant's Order No. I 75-34, dated September 15, 1975, in which defendant found that the destruction of an airplane constituted an involuntary conversion, allegedly resulting in income which had to be reported and taxed in the final personal income tax return of the decedent, Delbert Eugene Collinson, for the year 1972.

The decedent, an Oregon resident, died as a result of an airplane crash on March 14, 1972. The airplane which decedent was flying at the time of the crash was being purchased by him on contract, was used by the decedent in his business as an engineer, and was insured against damage. On April 10, 1972, the insurers paid the sum of $39,750 to the personal representative of the estate, Frances B. Collinson, in full settlement of the loss. The defendant determined that the decedent had realized additional taxable income in the sum of $13,066.42 in his final Oregon income tax return for the short period ending March 14, 1972, as a result of the involuntary conversion of the aircraft. Plaintiff complained to this court on the grounds (1) that the insurance proceeds did not constitute a gain

from the involuntary conversion of the aircraft and (2) that the defendant erroneously determined that the gain, if any, was taxable to the decedent in his final return for the "short year" ending March 14, 1972. The known facts are undisputed. The court sustains plaintiff's contention that the insurance proceeds were not reportable in the decedent's final personal income tax return.

The loss of property by fire, theft, or other casualty, including destruction as a result of collision, comes within the term "involuntary conversion." A taxpayer who is compensated by insurance or otherwise for property thus lost ordinarily must report any excess of the compensation received over his adjusted basis of the property (but he can elect not to report this gain to the extent that he reinvests the compensation in property similar or related in use to the property destroyed). IRC (1954), § 1033.

Plaintiff originally contended that no involuntary conversion took place under the facts of the present case, but abandoned the point in the post-trial briefs. Defendant insists that there was an involuntary conversion. Whatever the answer to this question may be, it is not decisive in the case.[1]

The taxpayer having died on March 14, 1972, his tax year ended on that day. IRC (1954), § 443, and Treas Reg § 1.443-1(a)(2). Oregon's personal income tax law follows the federal Internal Revenue Code in this requirement. ORS 316.007, 316.022(5), 316.062. In computing taxable income for decedent's "short year," there shall be included only amounts properly

---

[1] In *Central Tablet Mfg. Co. v. United States,* 481 F2d 954 (6th Cir 1973), 73-2 USTC ¶ 9545, 32 AFTR2d 73-5361, *aff'd,* 417 US 673, 94 S Ct 2516, 41 L Ed2d 398 (1974), the court held that the involuntary conversion occurred on the date of the property's destruction, not on the day proceeds were received from the insurer (and, a fortiori, not on the date replacement property was acquired).

includible under the method of accounting used by the taxpayer. Treas Reg § 1.451-1(b).

■■ The decedent was a cash basis taxpayer. Under the cash receipts and disbursements method of accounting, an amount is included in gross income only when "actually or constructively received by the taxpayer * * *." Treas Reg § 1.451-1(a); see Treas Reg § 1.691(a) and (b). "Constructive receipt" is defined in Treas Reg § 1.451-2 and relates to sums which are credited to the taxpayer's account, set apart for him or otherwise made available, so that he may draw upon them at any time or could have drawn upon them during the taxable year; i.e., the taxpayer must be in control of the situation. This was impossible as to the taxpayer's chose in action with respect to his insurance carrier on March 14, 1972. Even if the carrier admitted liability, there could well be problems as to the amounts payable (as was the case in *Central Tablet Mfg. Co. v. United States,* 481 F2d 954 (6th Cir 1973), 73-2 USTC ¶ 9545, 32 AFTR2d 73-5361, *aff'd,* 417 US 673, 94 S Ct 2516, 41 L Ed2d 398 (1974)).

■ The court finds that, as a cash basis taxpayer, the decedent, if he had lived, would properly have made no entry into his records until the actual receipt of insurance payments on April 10, 1972. *Burnet v. Logan,* 283 US 404, 51 S Ct 550, 75 L Ed 1143, 2 USTC ¶ 736, 9 AFTR 1453 (1931); *Steele v. United States,* USDC (SD Fla 1952), 52-2 USTC ¶ 9451, 44 AFTR 1064; and *see* 2 Mertens, *Law of Federal Income Taxation* § 12.39, and Rev Rul 72-381, 1972-2 Cum Bull 233. Consequently, this sum was not reportable during the short tax year ending March 14, 1972.

The court does not agree with the defendant as to the pertinence of *Central Tablet Mfg. Co. v. United States, supra.* That case involves an accrual basis tax-

payer, whereas the instant case involves a cash basis taxpayer. Further, the decision is basically concerned with the point of gain where IRC (1954), § 337(a), is involved. (If § 337(a)'s nonrecognition provisions are not involved, as in the subject case, and the point of gain for some other purpose is in question, the gain should be recognized by using traditional accounting criteria. On remand, the federal District Court agreed. It held that the gain would be recognized, after destruction of an insured asset, in the year that the liability of the insurance company became so definite and certain that it would be accrued for the accounting and tax purposes of an accrual basis taxpayer. *Central Tablet Mfg. Co. v. United States,* USDC (SD Ohio 1975), 37 AFTR2d 76-388.)

In its brief, the defendant has argued that if the court does not find that the insurance proceeds should have been reported in the decedent's final return, the court should hold that the gain should be recognized on the fiduciary income tax return of the estate. This issue appears not to have been raised in the hearing before the department and is not contemplated in the defendant's order and consequently the court is without jurisdiction. ORS 305.425(3) provides that in proceedings to set aside an order of the department, * * * the issues of fact and law shall be restricted to those raised by the parties in the appeal to the department. * * *"

Defendant's Order No. I 75-34 is set aside and held for naught. The defendant shall refund taxes, if any, which have been paid on account of the decedent's Oregon personal income tax return for the short period ending March 14, 1972, filed as part of a joint return with decedent's spouse, and statutory interest thereon.

Plaintiff is entitled to her costs and disbursements, including reasonable attorney fees.